IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMI DEBOLD<br><br>   Plaintiff,<br><br>v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON<br><br>   Defendant. | Civil Action No:<br><br>**COMPLAINT** |

Plaintiff, JAMI DEBOLD, by and through her attorneys, SCHWARTZ, CONROY & HACK, P.C. as and for her Complaint against Defendant LIBERTY LIFE ASSURANCE COMPANY OF BOSTON hereby sets forth the following:

**PARTIES**

1. Plaintiff Jami DeBold ("DeBold") is a resident and citizen of the city of Canfield, State of Ohio.

2. Defendant Liberty Life Assurance Company of Boston ("Liberty") is a corporate organized and existing under the laws of the State of Massachusetts with its principal place of business at 175 Berkeley Street Boston, Massachusetts 02116.

3. Upon information and belief, in 2018 Liberty Life Assurance Company of Boston became part of Lincoln Financial Group upon completion of a purchase and sale agreement between Liberty Mutual and The Lincoln National Life Insurance Company.

4. Upon information and belief, the ownership change does not change the terms and benefits of life insurance or annuity policy contracts issued by Liberty and Liberty

1

continues to be responsible for its contractual obligations.

## JURISDICTION AND VENUE

5.      Jurisdiction is founded on 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) because the claims herein arise under the Employee Retirement Income Security Act of 1974 [29 U.S.C. §1001 *et seq*.] and the regulations promulgated thereunder.

6.      Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §§1391(b)(1) and (c) and 29 U.S.C. 1132(e)(2) because the Defendant resides in this judicial district, is subject to personal jurisdiction in this judicial district, and maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

## FACTS

7.      This is an ERISA claim to recover long-term-disability-benefits against a welfare-benefit plan administered by and insured by Wachovia Corporation Long Term Disability Plan; and to recover attorney's fees and costs allowed under the ERISA statute. Plaintiff seeks relief under ERISA, 29 U.S.C. § 1001, et seq., specifically ERISA §502, 29 U.S.C. § 1132.

8.      Plaintiff was a plan participant under a group benefits plan established by Wachovia Corporation (Hereinafter, "Wachovia"), a subsidiary of Wells Fargo & Company (hereinafter, "Wells Fargo").

9.      At the time the Plaintiff applied for benefits, she was an employee insured under the First Union Corporation Long Term Disability Plan (hereinafter, "First Union LTD Plan"). Wells Fargo contracted with the Liberty Life Assurance Company of Boston (hereinafter, "Liberty Life") as the third party administrator of First Union LTD Plan and the Wachovia LTD Plan with Wells Fargo remaining as the claim administrator and Liberty Life

Assurance Company of Boston as the insurer of the plan.

**Plaintiff's Disability**

10.     Liberty Life, as claims administrator of the plan, has made all of the decisions regarding plaintiff's claim for disability benefits and overpayments in this case while operating under a conflict of interest.

**Plaintiff's Disability Claim**

11.     Liberty Life determined that the Plaintiff is disabled as of 12/30/01 in accordance with the terms of the First Union LTD Plan.

**Relevant Plan Provisions**

*First Union Corporation Long Term Disability Plan*

12.     The First Union LTD Plan does not set forth any offset or overpayment provision for a profit-sharing plan, 401(k) plan, stock ownership plan or a non-qualified plan of deferred compensation.

*Wachovia Long Term Disability Plan*

13.     The Wells Fargo Long Term Disability Plan (hereinafter, "Wells Fargo LTD Plan") states the following:

> **Benefit Amount**
> The LTD benefit is the amount of income replaced under the LTD Plan for an approved disability. The percentage of your income replaced by the LTD benefits depends on whether you are eligible for disability benefits in addition to those provided by Wachovia...
> The other sources of income that will be taken into account are listed in the LTD Plan Document and include: Payments of any kind from the Wachovia Pension Plan (which subsequently merged into the Wells Fargo & Company Cash Balance Plan) or any payments that you were entitled to receive dater you reached normal retirement age under the Wachovia Pension Plan. (Note: The Wachovia Pension Plan merged into the Wells Fargo & Company Cash Balance Plan in 2009). (Wachovia LTD Plan, page 4)

**Right of Recovery**
If there is an overpayment of benefits under this LTD Plan for any reason, including overpayment due to frau of claims paid in error, you must reimburse the LTD Plan within 60 days of notice of such overpayment. If you do not make repayment, your future benefit payments may be reduced until the overpayment is recovered. (Wachovia LTD Plan, page 10)

*Wells Fargo & Company Cash Balance Plan*

14. The Wells Fargo & Company Cash Balance Plan (hereinafter, "Wells Fargo CBP") states that the Plan is a "tax qualified" defined benefit pension plan under the Internal Revenue Code. Wells Fargo CBP, page 3).

*Overpayment Collection by Wells Fargo*

15. Wells Fargo declared its intention to offset future long term disability benefits due to an overpayment of benefits.

16. The Plaintiff appealed the Wells Fargo overpayment decision on 11/8/18 and stated that she was receiving a direct rollover of from the IRS qualified Wells Fargo CBP to an IRS qualified Wells Fargo Individual Retirement (IRA) and did not receive a monthly pension benefit or any other distribution.

17. Wells Fargo denied the appeal on 12/27/18, citing the Wachovia LTD Plan language.

18. The Plaintiff acquired counsel to assist her in her second appeal filed on 3/29/19. The appeal pointed out the lack of any offset language in the First Union LTD Plan and that Lincoln had wrongfully applied the Wachovia LTD Plan terms and claimed an overpayment. There is no provision in the Wachovia LTD Plan which sets forth that it superseded the Wachovia LTD Plan. This appeal also reiterated the fact that the Plaintiff has initiated a rollover of funds from the Wells Fargo CBP to a qualified IRA and not taken any

distribution.

19. Wells Fargo denied this appeal on 6/24/19 and stated that the Plaintiff has exhausted her administrative appeals and that a civil action was now necessary.

20. Another letter was sent by counsel on 4/23/20 which set forth legal research not previously referenced which definitively demonstrated that Wells Fargo had no right to an overpayment pursuant to the pertinent IRS regulations and legal holdings.

21. Wells Fargo refused to review the contents of this correspondence and again insisted on its previous grounds of appeal denial.

22. With this final denial, all conditions precedent under the plan have been satisfied and the plaintiff has exhausted all administrative appeals under the plan prior to filing suit.

23. Plaintiff is entitled to a refund of her improperly retained long term benefits deemed an "overpayment" under the plan since she has:

   a. Satisfied all conditions to be eligible under the plan; and

   b. Has not waived or otherwise relinquished his entitlement to these benefits.

## FIRST CAUSE OF ACTION
## FOR PLAN BENEFITS UNDER 29 U.S.C. § 1132(a)(1)(B)

24. Plaintiff realleges the preceding paragraphs and incorporates the same by reference as if fully set forth herein again.

## SECOND CAUSE OF ACTION
## AWARD OF ATTORNEY'S FEES AND COSTS

25. Plaintiff realleges the preceding paragraphs and incorporates the same by reference as if fully set forth herein again.

26. Wells Fargo unlawfully denied benefits and has caused Plaintiff to incur

attorney's fees and cost and will cause her to incur additional fees and costs in accordance with 29 U.S.C. § 1132 (g), *et seq.*

## REQUEST FOR RELIEF

**WHEREFORE, Plaintiff** Jami DeBold demands relief and judgment against the defendant:

A. For a sum of money to be determined by this Court, plus pre-judgment interest.

B. Plaintiff requests that this court review the overpayment appeals and continued denials in this case and declare that she is entitled to all benefits under the policy including payment of all back benefits with interest.

C. Plaintiff seeks payment of all attorney's fees and costs associated with attempting to secure these benefits pursuant to Section 502(g)(1) of ERISA.

D. Any such other relief the Court may deem just and proper.

Respectfully submitted,

**JAMI DEBOLD**

 /s/ Matthew J. Conroy
Matthew Conroy (BBO #566928)
Schwartz, Conroy & Hack, P.C.
666 Old Country Road, Ninth Floor
Garden City, NY 11530
P: (516) 745-1122
F: (516) 745-0844
Email: mjc@schlawpc.com